Filed 11/19/21  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093167 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18CR002177, 19CR000411, 20CR001540, 20CR002174, 20CR002183) |
| v. | |
| BRANDON ELI HARRIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Eli Harris has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In case No. 18CR002177 (177), police found a stolen firearm in defendant's backpack in July 2018.  Later that month, defendant was charged with grand theft of a

1

firearm (Pen. Code, § 487, subd. (d)(2)[1]; count I) and carrying a concealed firearm (§ 25400, subd. (a)(2); count II).

In case No. 19CR000411 (411), defendant told police during a February 2019 traffic stop that he had consumed four beers and was in possession of methamphetamine, marijuana, and drug paraphernalia; he was driving a stolen car. He was charged with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count I), receipt of a stolen vehicle (§ 496d, subd. (a); count II), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377; count III), misdemeanor possession of drug paraphernalia (*id*., § 11364; count IV), misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a); count V), and driving with a blood-alcohol content of 0.5 percent or more (*id*., § 23140, subd. (a); count VI).

In February 2019, defendant pleaded guilty in case No. 177 to count I (§ 487) and in case No. 411 to count I (Veh. Code, § 10851, subd. (a)). Per the parties' agreement, the trial court suspended imposition of sentence and placed defendant on a five-year term of probation. In each case, the court imposed a $600 restitution fine (§ 1202.4, subd. (b)), a corresponding $600 suspended probation revocation fine (§ 1202.44, subd. (b)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70303). The remaining charges in both cases were dismissed.

In December 2019, defendant admitted to violating probation; the trial court reinstated probation in January 2020 and placed defendant in the behavioral health court program.

In June 2020, petitions for revocation of probation in case Nos. 177 and 411 were filed, alleging defendant had violated his probation on multiple bases; the petitions were

---

[1] Undesignated statutory references are to the Penal Code.

amended in September 2020 to add possession of methamphetamine and assault with a paintball gun.

In case No. 20CR001540 (540), defendant was charged with unlawful taking of a vehicle with a prior conviction for vehicle theft (§ 666.5; count I) and misdemeanor possession of tear gas (§ 22810, subd. (a)) after he was found in the driver's seat of a stolen car in June 2020. It was further alleged defendant had a prior strike. (§§ 1170.12, subd. (d) & 667, subds. (b)-(i).)

In case No. 20CR002174 (174), in September 2020, defendant argued with a man and shot him with a paintball gun. He was charged with assault with a deadly weapon (§ 245, subd. (a)(1); count II), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count III), and aggravated trespass (§ 602.5, subd. (b); count IV). With respect to counts II and III, it was alleged defendant had a prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and committed the crime while on bail (§ 12022.1). A prior serious felony conviction (§ 667, subd. (a)) was further alleged with respect to count II.

That same month, defendant was charged in case No. 20CR002183 (183) with possession for sale of a controlled substance (Health & Saf. Code, § 11378; count I), misdemeanor possession of a controlled substance (*id*., § 11350; count II), and misdemeanor possession of drug paraphernalia (*id*., § 11364; count III). With respect to count I, it was further alleged defendant had a prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and committed the crime while on bail (§ 12022.1).

Later that same month, defendant entered a global plea agreement. In case Nos. 177 and 411, he admitted to violating probation. In case No. 540, he pleaded guilty to violating section 666.5 with a prior conviction for taking a motor vehicle (Veh. Code, § 10851, subd. (a)) and admitted one prior strike. In case No. 174, he pleaded guilty to violating section 245, subdivision (a) and admitted one prior strike. In case No. 183, he

pleaded guilty to violating Health and Safety Code section 11378 and admitted one prior strike. The remaining charges were dismissed.

In November 2020, the trial court sentenced defendant per the parties' agreement to state prison for an aggregate term of eight years eight months as follows: in case No. 174, two years doubled to four years due to the strike (§§ 245, subd. (a)(1), 1170.12, subds. (a)-(d)); in case No. 540, one year doubled to two years consecutive due to the strike (§ 666.5); in case No. 183, eight months doubled to 16 months consecutive due to the strike (Health & Saf. Code, § 11378); in case No. 411, eight months consecutive (Veh. Code, § 10851, subd. (a)); and in case No. 177, eight months consecutive (§ 487, subd. (d)(2)). Except as to case Nos. 177 and 411, the court also imposed in each case a $600 restitution fine (§ 1202.4, subd. (b)), a corresponding $600 suspended parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70303). The court reaffirmed the previously imposed fines in case Nos. 177 and 411, lifted the suspension on the probation revocation fines, and imposed a $600 suspended parole revocation fine (§ 1202.45) and a $39 theft fine (§§ 1202.5, 1464, 1465.7; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7). In case No. 183, the court also imposed a $180 criminal lab fee (§§ 1464, 1465.7; Health & Saf. Code, § 11372.5, subd. (a); Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7) and a $360 drug program fee (§§ 1464, 1465.7; Health & Saf. Code, § 11372.7, subd. (a); Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7). The court awarded custody credit.

Defendant filed his notices of appeal on December 7, 2020; however, due to multiple continuances granted to counsel, the case was not fully briefed until July 22, 2021, and was not assigned to this panel until September 30, 2021. Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.  Our review of the record reveals no errors that arguably benefit defendant.

## DISPOSITION

The judgment is affirmed.


_____/s/_____

Duarte, J.

We concur:



_____/s/_____

Raye, P. J.



_____/s/_____

Hoch, J.